611 F.2d 373
 103 L.R.R.M. (BNA) 2170, 88 Lab.Cas. P 11,863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Maschhoff, Plaintiff-Appellant
v.
International Union, United Automobile Aerospace and
Agricultural Implement Workers of America, et al.,
Defendant-Appellees.
 No. 77-1551.
 United States Court of Appeals, Sixth Circuit.
 November 8, 1979.
 
 Before MERRITT, BROWN and MARTIN, Circuit Judges.
 
 
 1
 Plaintiff-appellant, Maschhoff, who had been an employee of the United Automobile, Aerospace and Agricultural Implement Workers (U.A.W.), was laid off in 1970. He was a member of Local 22 of the Newspaper Guild at Detroit (Guild) which represented U.A.W. employees in Maschhoff's category under a collective bargaining contract. Maschhoff, contending that his layoff was in violation of the contract, filed a grievance with the Guild and sought a processing of his grievance through arbitration. Arbitration, however, was never had, and Maschhoff brought an action against the U.A.W., his former employer, and against an officer of the U.A.W., alleging a breach of the contract, and against the Guild, alleging a breach of its duty of fair representation. Judge Churchill, in 1975, granted summary judgment to all defendants, holding that, on the facts not in dispute, Maschhoff had no claim against the Guild for failure to represent him fairly and that therefore both the Guild and the U.A.W. (and its officer) were entitled to such judgment. Maschhoff's appeal to this court was dismissed because his notice of appeal was not timely filed and the Supreme Court denied relief on a petition for certiorari.
 
 
 2
 Maschhoff then, in November, 1976, filed the instant action, seeking to have the summary judgment set aside on grounds of fraud. He purported to file the action as in effect a motion under Rule 60(b)(6), Fed.R.Civ.P., but Judge Churchill, correctly we believe, treated it as an "independent action" within the meaning of that Rule since it clearly is such an action.[1]
 
 
 3
 The U.A.W. and the Guild filed a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. Although, in the motion, it is stated that the ground therefor is res judicata, it is clear from the oral argument that the court and the parties treated it also as a motion to dismiss for failure to state a proper basis to have the summary judgment set aside on the ground of fraud. Judge Churchill recognized at argument of the motion that res judicata was not involved.
 
 
 4
 Judge Churchill, in his memorandum dismissing the instant action, first held, we believe correctly, that the allegations of fraud as to the U.A.W. and its officer were irrelevant since his granting of the summary in the prior action was only on the ground that the Guild had not breached it duty of fair representation. Judge Churchill then held that the action must be dismissed as to the Guild because the only fraud alleged as to it is intrinsic rather than extrinsic fraud. The trial court took note of the inapplicability of this distinction if the claim had been made by timely motion under Rule 60(b)(3) and took note of the general criticism of the distinction, even when made as here in an independent action, in 11 Wright & Miller, Federal Practice and Procedure, Sec. 2861 at 191 and Sec. 2868 at 240-241. The trial court, nevertheless, chose to follow those authorities that hold that the distinction persists where relief is sought by independent action. 11 Wright & Miller, Sec. 2868 at 240, note 16. This circuit has not ruled on this point, and we need not do so now.
 
 
 5
 The only fraud alleged as to the Guild in the complaint in the instant case is that it falsely stated in the summary judgment proceedings in the prior litigation that there was an applicable time limit for settling the grievance when in fact there was not and that it falsely stated that the Guild's executive board twice turned down Maschhoff's request for arbitration when in fact it had considered the request only once and had approved it. There is, however, no allegation as to why, if such misrepresentations were indeed made as to the time limit for settling the grievance and as to the action of the executive board, Maschhoff was not at fault in failing to bring the documents or other proof, which would show otherwise, to the trial court's attention and thereby place these matters in dispute. There is no allegation that the instrument (presumably the collective bargaining contract) that fixed such time limit was not easily available to Maschhoff and no allegation that the minutes of the executive board were not available to Maschhoff by discovery or otherwise. Accordingly, we determine that the complaint could have been dismissed under Rule 12(b)(6) because of the failure to make any such allegations in support of his claim for relief based on alleged fraud. 11 Wright & Miller, Sec. 2868 at 238-239.[2]
 
 
 6
 The dismissal of this action is therefore affirmed.
 
 
 
 [1]
 Maschhoff wanted his claim treated as a motion to relieve him of final judgment under Rule 60(b)(6), a catchall provision, to avoid the one year limitation applicable to motions to relieve of final judgment under Rule 60(b)(3) which latter provision specifically deals with fraud. Moreover, for reasons that will be seen, he wanted, at the same time, to have the advantage of the abolition of the distinction between extrinsic and intrinsic fraud that is applicable to months under Rule 60(b)(3)
 
 
 [2]
 The U.A.W. and the Guild allege in their briefs that, as shown by the appendix on appeal in the prior action, the documents relating to these charges were actually before Judge Churchill on the motion for summary judgment. However, since the instant matter was before Judge Churchill on a Rule 12(b)(6) motion for failure to state a claim, we would not consider the other appendix for present purposes